IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SERGIO WEBB,<br>AIS 286982, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CASE NO. 2:24-cv-00593-RAH-CSC |
| ALABAMA DEPARTMENT OF<br>CORRECTIONS, *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

# **ORDER**

On November 5, 2024, the Magistrate Judge recommended that the Plaintiff's Complaint against the Alabama Department of Corrections ("ADOC") be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and his Eighth and Fourteenth Amendment claims against the remaining Defendants be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 8 at 1.) On November 18, 2024, the Plaintiff filed *Objection to the Recommendation of the Magistrate Judge* (doc. 9), in which the Plaintiff objected to the Magistrate Judge's dismissal of his Complaint against the ADOC with prejudice and argues he should have been provided the opportunity to file an amended complaint.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest*

*S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

According to the Plaintiff, the Magistrate Judge erred in dismissing his Complaint against the ADOC with prejudice pursuant to long-standing principles that caution against such a dismissal of a pro se complaint where it fails to provide a short and plain statement of a claim in accordance with Fed. R. Civ. P. 8(a). The Plaintiff is correct in that usually, a court should not "dismiss an *in forma pauperis* complaint without allowing leave to amend" under 28 U.S.C. § 1915(e)(2)(B)(ii). *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (citations omitted). But the occasion where dismissal without opportunity to amend is appropriate is when "further amendment would be futile." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (quotation marks omitted); *see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (internal quotations and citation omitted)); *see also Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013) (holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)); *see also Faison v. Ratliff*, No. 21-11098, 2022 WL 577584, at *1,

4–5 (11th Cir. Feb. 25, 2022) (affirming district court's dismissal with prejudice where amending the complaint would be futile).

Here, "further amendment would be futile," *Silberman*, 927 F.3d at 1133, because the Eleventh Amendment to the United States Constitution bars the ADOC, a state agency, from 42 U.S.C. § 1983 liability. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). Nothing in the Plaintiff's Complaint, Objection, *Motion for Leave to File an Amended Complaint* (doc. 10), or affidavit (*id.* at 2) shows an alternate theory of liability or indicates that any amendment would not be futile. Even if the submitted amended complaint relied on a theory that the ADOC violated its own agency rules, regulations, or procedures, such a violation alone does not constitute a constitutional violation. *See Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) ("There is no constitutional violation when state actors fail to meet their own regulations, so long as the minimum constitutional requirements have been met." (quoting *Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993))). Because "the complaint as amended would still be properly dismissed," amendment would be futile, *Cockrell*, 510 F.3d at 1310; therefore, the Magistrate Judge did not err in dismissing the Plaintiff's Complaint against the ADOC with prejudice.

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objection, it is **ORDERED** as follows:

1) The Objection (doc. 9) is **OVERRULED**;

2) The Plaintiff's *Motion for Leave to File an Amended Complaint* (doc. 10) filed on November 18, 2024, is **DENIED**;

3) The Magistrate Judge's Recommendation (doc. 8) is **ADOPTED**;

4) The Plaintiff's Complaint against the ADOC is **DISMISSED with prejudice**;

5) The Plaintiff's Eighth and Fourteenth Amendment claims are **DISMISSED without prejudice**; and

6) Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), this case is **DISMISSED**.

**DONE** and **ORDERED** on this the 28th day of January 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE